ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney
CHRISTINE CHEN (CABN 327581)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Christine.Chen@usdoj.gov
    Wendy.Garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:24-CR-00415-TLT |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| MINGTAO CHEN, | |
| Defendant. | |

On July 24, 2024, defendant Mingtao Chen was charged in a two-count Indictment with False Use of Passport, in violation of 18 U.S.C. § 1543, and False Statement to Bank, in violation of 18 U.S.C. § 1014.

This matter came before the Court on August 2, 2024, for a detention hearing. The defendant was present and represented by Boris Bindman. Special Assistant United States Attorney Christine Chen appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

the record, the Court finds by a preponderance of evidence that no condition or combination of conditions will reasonably mitigate the risk of non-appearance/flight. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: The defendant has minimal ties to the community. He is a Chinese national and has lived most of his life in China. He does not have strong connections to the United States. He has only lived at his current residence in the Bay Area for two months. The defendant had plans to return to China, crossing the Mexican border and then flying to Beijing, in order to avoid law enforcement detection. He was arrested before he could carry out those plans.

The Court considered the proposed release plan by U.S. Pretrial Services. Here, where the defendant had concrete plans to leave the country, a halfway house does not mitigate the risk of flight. A halfway house is not a strictly controlled environment, and the defendant could walk out without anyone stopping him. The defense offered to add GPS location monitoring as a condition, but the defendant could remove the monitoring device. In addition, although the defendant proposes his friend as a surety, this does not mitigate the risk of flight either. The nature of the defendant's relationship with his friend is unclear, she indicated she mainly resides outside of the District, and the government reports she misled law enforcement about likely incriminating evidence. She is therefore not a suitable surety and would be unlikely to exercise moral suasion over the defendant.

This finding is made without prejudice to the defendant's right to seek review of his detention, or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 2, 2024

_____
HON. LISA J. CISNEROS
United States Magistrate Judge